IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| **DALE A. GILBRETH,** ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | **No. 09-704C** |
| ) | **(Judge Eric G. Bruggink)** |
| **THE UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S OPPOSSITION TO MOTION TO DISMISS AND CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

Jason E. Perry
114 South Main Street Suite 27
Cheshire, CT 06410
203-887-6967 (phone)
800-576-5648 (fax)
jason.perry@jeperrylaw.com
Attorney for the Plaintiff

Dated: February 16, 2010

i

# TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF THE ISSUES................................................................................1

STATEMENT OF THE CASE...................................................................................2

I. Nature Of The Case ................................................................................................2

II. Statutory And Regulatory Framework..................................................................2

III. Statement Of The Facts........................................................................................2

SUMMARY OF THE ARGUMENT .........................................................................3

ARGUMENT...............................................................................................................4

I. The Court Has Jurisdiction Over Plaintiff's Claims..............................................4

A.  Plaintiff's Claim Accrued On June 8, 2006, When the AFBCMR
     Refused To Process Him For Physical Disability Processing,…………………………..4

II. Defendant's Motion For Judgment On The Administrative Record
    Should Be Denied; Plaintiff Is Entitled To Judgment On The Administrative Record…..8

A.  Standard For Judgment On The Administrative Record…………………………………8

B.   Defendant Is Not Entitled To Judgment On The Administrative Record………………9

1.The first AFBCMR decision was arbitrary and capricious……………………………....9

2. The second AFBCMR decision was arbitrary and capricious…………………………..11

C. Plaintiff Is Entitled To Judgment On The Administrative Record………………………..13

CONCLUSION…………………………………………………………………………………....13

## TABLE OF AUTHORITIES

**PAGE(S)**

*A&D Fire Prot., Inc. v. United States*,
    72 Fed. Cl. 126 (2006) ........................................................................................13

*Chambers v. United States*,
    417 F.3d 1218, 1227 (Fed. Cir. 2005)……………………………………………..5

*Clayton*,
225 Ct. Cl. 593, 595 (Ct. Cl. 1980)……………………………...……………9,11,12

*Friedman v. United States*,
    310 F.2d 381, 396 (Ct. Cl. 1962)……………………………………………….6,7,8

*John R. Sand & Gravel Co. v. United States*,
    457 F.3d 1345, 1354 (Fed. Cir. 2006), aff'd 552 U.S. 130 (2008)……………………..4

*Real v. United States*,
    906 F.2d 1557, 1561-1563 (Fed. Cir.1990)……………………………………….. 4

*Smith v. United States*,
    168 Ct. Cl. 545, 553 (Ct. Cl. 1964)………………………………………………..9

*Voge v. United States*,
    844 F.2d 776, 780 (Fed. Cir. 1998)……………………………………………….9


**STATUTES**
10 U.S.C. §§ 1201, et seq......................................................................................................2

28 U.S.C. § 2501……………………………………………………………………….3,4

10 U.S.C. §1214........................................................................................................12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____
                                   )
**DALE A. GILBRETH,**              )
                Plaintiff )
                                   )
**v.**                             )
                                   )   **No. 09-704C**
                                   )   **(Judge Eric G. Bruggink)**
**THE UNITED STATES OF AMERICA,**  )
                                   )
                Defendant )
_____)


**PLAINTIFF'S OPPOSSITION TO MOTION TO DISMISS AND CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

      Plaintiff respectfully request that this Court deny Defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and deny Defendant's alternative request for Judgment on the Administrative Record ("AR"). Furthermore, Plaintiff respectfully requests this Court grant Plaintiff's Cross Motion for Judgment on the Administrative record pursuant to RCFC 52.1 because the Defendant wrongfully denied Plaintiff military pay due under 10 U.S.C. §§ 1201, et seq. In support of these motions, the Plaintiff relies upon the Complaint, the Administrative Records ("AR") and the Defendant's Motion ("Def. Mot.").

### STATEMENT OF THE ISSUES

1.     Whether the Court has jurisdiction over Mr. Gilbreth's claim when he filed his complaint seventeen years after his discharge from active duty but within six years of the denial of his

1

claims by the first competent board to address his claims.

2.      Whether the Defendant's failure to pay him retired pay violated 10 U.S.C. §§ 1201, et seq.

3.      Whether the AFBCMR's denial of relief was unsupported by substantial evidence, or contrary to applicable statutes and regulations.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Pursuant to RCFC 5.4(a)(3)., Plaintiff is satisfied with Defendant's presentation of the nature of the case for purposes of this motion. Def. Mot. at 2.

### II. Statutory And Regulatory Framework

With the exceptions noted below, pursuant to RCFC 5.4(a)(3)., Plaintiff is satisfied with Defendant's presentation of the statutory and regulatory framework contained in Def. Mot. 2-4. However, at the time of Plaintiff's separation from active duty, the relevant Physical Disability Evaluation System in effect was Air Force Regulation 35-4[1]. In addition, Air Force Instruction ("AFI") 36-2910[2], is relevant as it lays out the regulatory obligations of the Air Force to make line of duty determinations in certain situations.

### III. Statement Of The Facts

Since the Defendant's motion assumes all facts stated in the Complaint are true for

---

[1] Plaintiff does not have a copy of this regulation at this time to append to this motion. The Defendant presumably does and Plaintiff expected to request such a copy as part of discovery and in preparation of the Joint Preliminary Status Report.

[2] AFIs are available through the search function on the Air Force's e-Publishing website at http://www.epublishing.af.mil/.

purposes of the motion, Plaintiff defers to the facts plead. Def. Mot. at 4 and Compl. To clarify, though, Plaintiff points out that his initial Air Force Board for Correction of Military Records ("AFBCMR") application was in the nature of a claim for "illegal taxation," breach of contract and wrongful discharge claim and not a request for military retirement. AR at 3-4. The center of gravity of his case was his challenge of the government's tax treatment of his pay. His request for medical evaluation was a request to remedy the loss of his separation physical and not a request for military retirement.

## SUMMARY OF THE ARGUMENT

The Court should deny Defendant's motion to dismiss as he has filed within the applicable six year statute of limitations. *See* 28 U.S.C. § 2501. Because the June 8, 2006, AFBCMR denial of relief was the first competent board to address entitlement to military disability retirement, this is the date on which Plaintiff's claim accrued. In the alternative, Plaintiff's claim accrued on July 10, 2006 when Defendant discharged him from the Air Force.

In addition, the Court should issue judgment on the administrative record in favor of the Plaintiff. He was injured while on active duty to a degree that disqualified him from flight duties for at least 40 days, the Air Force failed to conduct a line of duty determination and to process him for medical evaluation that would have resulted in disability retirement. The AFBCMR acted in an arbitrary and capricious manner in not granting him a Formal Physical Evaluation Board. Plaintiff is due retired pay and benefits due to Defendant's failure to properly process his case.

3

**ARGUMENT**

**I. The Court Has Jurisdiction Over Plaintiff's Claims**

Suits over which this Court has jurisdiction are "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The six year statute of limitations is a jurisdictional requirement for a suit in the Court of Federal Claims. *John R. Sand & Gravel Co. v. United Stat*es, 457 F.3d 1345, 1354 (Fed. Cir. 2006), aff'd 552 U.S. 130 (2008).

Plaintiff has filed his claim within six years of the two jurisdictional triggering events that we believe are controlling. The first date is June 8, 2006, when the AFBCMR acted as the first competent board to deny Plaintiff a full and fair hearing regarding his military disability case. The second date is July 10, 2006, when Defendant discharged Plaintiff as a reserve member of the United States Air Force. Both of these dates are less than six years of the jurisdictional limit of this Court and, therefore, the Defendant's motion should be denied.

**B. Plaintiff's Claim Accrued On June 8, 2006, When the AFBCMR Refused To Process Him For Physical Disability Processing**

**1.** Defendant erroneously argues that the statute of limitations on this action began to run on the date of Plaintiff's discharge from active duty. Def Mot. at 11-12. In support of its argument, Defendant cites *Real v. United States*, 906 F.2d 1557, 1561-1563 (Fed. Cir.1990). *Id*. The Defendant's reliance on this case is misplaced.

Defendant argues that *Real* stands for the proposition that "where the service member **knows of the potential** for disability pay/retirement entitlement prior to or at the point of discharge, but fails to obtain a board decision or denial of access to a board prior to discharge,

4

the triggering event for claim accrual for purposes of calculating the statute of limitations becomes his discharge." *Id* at 11. (Emphasis added). However, this argument is belied by the decision in *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005). In *Chambers*, the court explained:

> *Real* did not fashion a rule, as the government suggests, that a service member's claim accrues when he learns of his disabling condition, whether before or after discharge. Indeed, such a rule would be untenable, given that a military board must determine eligibility for disability retirement before such a claim accrues. There can be no waiver of board review absent an opportunity for such review, as at discharge. Simply put, after discharge, a veteran has nothing to waive. The appropriate inquiry under *Real*, therefore, is whether at the time of his separation from the Army in 1970, Chambers knew that he was entitled to disability retirement due to a permanent disability that was not a result of his intentional misconduct and was service-connected…The *Real* exception does not apply.

*Chambers*, 417 F.3d 1218, 1227 (Fed. Cir. 2005).

Contrary to the Defendant's argument, in order for the *Real* exception to apply, a claimant must have knowledge that his condition is sufficiently serious enough to warrant the award of disability retirement benefits and fail to demand a hearing prior to discharge. *Real*, 906 F.2d 1557, 1562 (Fed. Cir. 1990).

In this case, at the time of discharge from active duty, the Plaintiff only had concerns about his Upper Respiratory Infections. Compl. ¶ 8. He was not aware at the time of discharge that he was eligible for disability compensation from the military and separated voluntarily. AR at 7. Indeed, he was similarly unaware at the time of his first ABCMR application that he was eligible for disability processing and only requested medical evaluation to clarify his tax liabilities and to establish service connection for his conditions at the Department of Veterans Affairs ("VA"). "This disappearance of documentation has had a direct impact on the proof of all claims for compensation because without that separation physical, the VA can neither prove nor disprove my claims for compensation." AR at 18. Because he was unaware of the severity of his

conditions at the time of his separation and his entitlement to disability benefits, the *Real* exception does not apply.

Instead, the controlling rule is, "where the claimant has not had or sought a Retiring Board, his claim does not accrue until final action by the Correction Board (which in that instance stands in the place of the Retiring Board as the proper tribunal to determine eligibility for disability retirement)." *Friedman v. United States*, 310 F.2d 381, 396 (Ct. Cl. 1962).

**2.**  The Defendant erroneously argues that in the alternative Plaintiff's claim accrued upon the AFBCMR's denial of his claim on September 4, 1998. Def. Mot. at 12. Presumably, the Defendant argues that this board fulfills the "first competent board" rule of *Friedman*. This is not the case.

First, Plaintiff's first application to the AFBCMR was not a demand for or request for military disability retirement benefits. Instead, Plaintiff requested return to active duty "due to illegal taxation, a breach of the Special Separation Benefit (SSB) contract I voluntarily exited the USAF under, and the mysterious disappearance of my November 1992, USAF separation physical." AR at 3. Had Plaintiff made an unequivocal demand for military disability retirement benefits this board may well have triggered the running of the statute of limitations. However, the gravitas of Plaintiff's first AFBCMR was to seek relief due to the alleged illegal taxation of his SSB payment. AR at 3, 13-21. He made no specific demand for disability retirement or separation benefits and the bulk of his argument concerned the taxation of his separation pay. Nowhere in his application to the AFBCMR or in his supporting attachments does Plaintiff state or demand that he is due disability retirement pay. *Id*. Instead, he requested return to active duty as a result of a breach of his SSB contract and, in his response to the AFBCMR advisory opinions, further clarifies that his request for medical evaluation is an effort to establish service

6

connection for his disabilities at the VA. AR at 87. Plaintiff simply made mention of review by a Medical Evaluation Board[3] ("MEB"), to cure the defect of his missing separation physical. AR 3-4, 87 ("I believe the separation physical contained information which would help establish service connection for some of my other disabilities as well. However, without the USAF separation physical we will never know for sure"). An MEB is not convened until a member fails retention standards. *See AFI 48-123 v2 and AFI 41-210*, ("The MEB is the first step in the Air Force disability evaluation process to determine who is not worldwide qualified.") Especially relevant is the fact that this request was made incident to his return to active duty and not as an independent claim. All members on active duty are required to meet retention standards and this request was not an assertion of a right to pay or benefits. *See AFI 48-123 v2*. Where a member applies for reinstatement on active duty at an AFBCMR for breach of contract with an attendant request for medical examination and does not assert entitlement to disability retirement benefits he should not be said to have demanded a retirement board. For these reasons, this Court should not consider his first AFBCMR as triggering the running of the statute of limitations.

However, if the Court disagrees with our position, the second AFBCMR's June 8, 2006 denial of disability evaluation processing must be seen as making the first AFBCMR not final and should reset the clock for purposes of the statute of limitations. As the court stated in *Friedman*, "(c). A board's action (or failure to act) is not final if (i) the claimant has been misled, (ii) the board's decision is tentative and invites reopening, **(iii) the armed service itself reopens the case**, or (iv) there are other circumstances depriving the action or non-action of finality." *Friedman,* 310 F.2d 381, 396 (Ct. Cl. 1962) (Emphasis added). As the Plaintiff made clear, he

---

[3] Plaintiff, while actually requesting a "USAF Medical Review Board," accurately described the function of a Medical Evaluation Board in his application. AR at 4.

7

did not request a second AFBCMR or a reconsideration of his earlier AFBCMR decision. ("I did not ask for referral to the AFBCMR. The Office of the Secretary of the Air Force requested this action after a Congressional Inquiry into why I could not get processed through the USAF Disability Evaluation System, past the Informal Physical Evaluation Board to the Formal Physical Evaluation Board"). AR at 167. The Defendant acknowledges that the Plaintiff did not request a re-opening of his AFBCMR case. Def. Mot. at 7 (including footnote 6). Because the Plaintiff did not request reconsideration of his first AFBCMR decision and the Defendant *sua sponte* re-opened his case, its earlier decision was not final under *Friedman* 310 F.2d at 396. Therefore, the second AFBCMR decision is the correct date to start the running of the statute of limitations.

    **3.**    This Court should deny the Defendant's motion because the correct date to start calculating the statute of limitation period should run from June 8, 2006. The second AFBCMR was the first competent board to address Plaintiff's demands for disability evaluation processing and grant of retirement benefits. *Friedman* 310 F.2d at 396. As the date of this action is within the statute of limitations six year limit, this Court has jurisdiction over Plaintiff's claims.

**II. Defendant's Motion For Judgment On The Administrative Record Should Be Denied; Plaintiff Is Entitled To Judgment On The Administrative Record**

  **A. Standard For Judgment On The Administrative Record**

Plaintiff is satisfied with Defendant's explanation of the standards for judgment on the administrative record. Def. Mot. at 13-14. Therefore, we adopt Defendant's statement of the law regarding the standard for judgment on the administrative record, with two exceptions. First, the Defendant states the law as it applies in cases where the claimant has sought relief from the

8

Service's Board for Correction of Military Records. Def. Mot. at 14-15. As stated *supra*, the Plaintiff did not seek relief from the second AFBCMR, but rather the Air Force *sua sponte* reviewed his case. Second, the Defendant's citation to *Voge v. United States*, 844 F.2d 776, 780 (Fed. Cir. 1998), is inapposite as that case deals with the nonjusticiability of a decision by military medical officers to recommend special incentive compensation for subordinate military medical officers and does not apply to review of military disability claims.

**B. Defendant Is Not Entitled To Judgment On The Administrative Record**

**1. The first AFBCMR decision was arbitrary and capricious.**

In order to prevail under the arbitrary and capricious standard, the Plaintiff must show that "the AFBCMR action was arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced." *Clayton*, 225 Ct. Cl. 593, 595 (Ct. Cl. 1980) (citations omitted). A Correction Board's decision which is not based on a balanced consideration of all the evidence available and fails to analyze the evidence presented in writing is not based on substantial evidence and "is inadequate assurance that due weight was given to all of the evidence, both medical and nonmedical, even though the opinion may formally recite that it was based upon all of the evidence." *See Smith v. United States*, 168 Ct. Cl. 545, 553 (Ct. Cl. 1964). The first AFBCMR the decision was arbitrary and capricious and not based on substantial evidence.

As the AFBCMR adopted the Medical Consultant's rationale, it is necessary to analyze the advisory opinion. The Consultant stated that, "His medical record is quite unremarkable for information on significant problems during his service years, but does show a history of tinnitus

9

(ringing in his ears) which can develop in aircrew members secondary to noise exposure in the course of their work. **Other than this nothing of a chronic unfitting nature can be found**."AR at 82. (Emphasis added). This is an admission that his chronic tinnitus was unfitting and required referral to an MEB. Plaintiff was rated for this condition by the VA with an effective date the day after he left active duty. AR at 100. This information was part of the records that the AFBCMR considered and the Consultant acknowledged this in his letter. AR at 82.

The Consultant did not comment on and apparently did not consider the effect of Plaintiff's Upper Respiratory Infections ("URIs"), Somatoform Disorder, and related Post Traumatic Stress Disorder. These conditions caused Plaintiff, at the time a Flight Officer, to be disqualified from flight duties for at least 40 days in the year prior to his separation. Compl. ¶ 8.

Department of Defense ("DoD") Instruction 1332.38, Enclosure 4, lists conditions that are cause for referral to an MEB. In addition to the listed conditions, there is a "catchall" provision that mandates that "[a]ny condition that appears to significantly interfere with performance of duties appropriate to a service member's, office, grade, rank or rating will be considered for MEB evaluation." *DoDI 1332.38* ¶E4.1.3. As part of his URIs, Plaintiff suffered from Sinusitis and Viral Syndrome. AR at 100. DoD Instruction 1332.38, specifically lists Sinusitis as a condition that requires referral to an MEB in ¶ E4.5.1.1.

The Consultant dismissed, in a conclusory fashion, the absence of Plaintiff's exit physical. AR at 83-84. The Defendant erroneously argues that "the records of plaintiff's separation physical could not have demonstrated a condition warranting separation because Mr. Gilbreth separated from the Air Force voluntarily rather than for a lack of fitness." *Id*. This argument fails because there is no logical connection between the administrative action of

separating for non-disability reasons and having conditions that are unfitting. Indeed, there are numerous cases decided by the Court where a member separated for non-disability reasons and in fact was later found to have conditions warranting separation or retirement.[4]

Neither the AFBCMR nor the medical consultant addressed the issues raised in Plaintiff's response to the advisory opinion. AR at 2. Plaintiff submitted a nine page letter in response with 3 substantive enclosures AR at 86-94. Included in the response was further explanation and argument regarding numerous medical conditions, including his "right knee injury, Post Traumatic Stress Disorder, Irritable bowel syndrome, sinusitis, rhinitis, perforated left ear drum, ear pain, vertigo, and upper respiratory problems due to psychological factors." AR at 89. By itself, this failure by the AFBCMR to consider his argument and associated evidence means that its decision was not based on a consideration of relevant factors and substantial evidence. *See Clayton* 225 Ct. Cl. at 595.

Because the AFBCMR decision is arbitrary, capricious and not supported by substantial evidence, the Court should not uphold its findings.

**2. The second AFBCMR decision was arbitrary and capricious**

Once again, the AFBCMR deferred to and incorporated the Medical Consultant's advisory opinion as the basis for its decision. AR at 108. The AFBCMR's second decision is, for many of the same reasons as the first decision, arbitrary, capricious and not supported by substantial evidence.

The Consultant stated that "[ ] prior review of service medical records from the time the

---

[4] Plaintiff omits citation to cases because this point is well known. However, should the Court not agree, and/or declines to take judicial notice of this fact, or requires further briefing on this point, Plaintiff will submit a supplemental brief listing relevant reported cases .

applicant was on active duty found no medical condition that warranted Medical Evaluation Board while the applicant was on active duty…service medical records do not reflect duty limiting medical or psychological conditions or symptoms….” AR at 162. He went on to say that, “Review of service medical records has not shown evidence of medical or psychological symptoms or conditions that warranted referral for disability evaluation while on active duty. AR at 163.  The AFBCMR acknowledged that Plaintiff raised the issue of his frequent recurring URIs and PTSD while on active duty causing him to be disqualified from flight status. AR at 108. These conditions and their impact on his duties were raised by Plaintiff numerous times throughout the history of this case. AR at 20, 64, 87-89, 93, 95, 98, 100, 101, 102, 106, 108, 167, and 168.

Despite being the central issue to the correct disposition of Plaintiff's case, at no time did the Medical Consultant or the AFBCMR respond to, acknowledge, or analyze the impact of his URI's and PTSD on his fitness to perform his military duties at the time of his separation from the Air Force. A review of the second AFBCMR's decision and the statement of the Consultant fails to show any consideration, or discussion whatsoever, of the impact of his being disqualified from flight duties as a result of his URI's and mental health disorders. AR at 106-185. On this basis alone, the AFBCMR decision was arbitrary and capricious and not based on substantial evidence. *See Clayton* 225 Ct. Cl. at 595.

In addition, the AFBCRM failed to analyze or explain whether or not Plaintiff was entitled to a Physical Evaluation Board (“PEB”) in 2006. AR at 108. This is, again, an issue that Plaintiff raised numerous times. AR at 117-118, 124, 138-140. Plaintiff was initially referred to an Informal PEB and then his case was halted. AR at 117-118. Given that 10 U.S.C. §1214 and AFI 36-2910 require that a member who is injured due to in the line of duty conditions while on

12

active duty is entitled to a full and fair hearing if he demands it, this issue was again of central importance. However, the AFBCMR failed to address this issue.

### C. Plaintiff Is Entitled To Judgment On The Administrative Record

In reviewing a motion for judgment upon the administrative record, the Court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based upon the evidence in the record. *A&D Fire Prot., Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006) (citation omitted). As we have demonstrated, the AFBCMR's decisions were arbitrary, capricious, and not supported by substantial evidence. Therefore, Plaintiff has met his burden of proof and is entitled to judgment on the administrative record pursuant to RCFC 52.1.

## CONCLUSION

For these reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss and requests judgment upon the administrative record pursuant to RCFC 52.1.

    Respectfully submitted,

    s/ Jason E. Perry
    JASON E. PERRY
    114 South Main Street Suite 27
    203-887-6967 (phone)
    800-576-5648 (fax)
    jason.perry@jeperrylaw.com
    Attorney for the Plaintiff

Dated: February 16, 2010

14

14